IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| CALYNE MARTELL and LINDA PERILLO,<br><br>　　　　　Plaintiffs,<br><br>　vs.<br><br>RED CLIFF ASCENT; IRON COUNTY; SCOTT GARRETT, Iron County Attorney; HONORABLE KEITH C. BARNES, Presiding Judge of the Fifth District Court; MARK O. GOWER, Iron County Sheriff; and DOE DEFENDANTS I through X,<br><br>　　　　　Defendants. | ORDER<br><br>AND<br><br>MEMORANDUM DECISION<br><br>Case No. 2:14-cv-00318-TC |

　　　　On September 17, 2014, the court dismissed Plaintiffs' First Amended Complaint without prejudice. (See Dkt. No. 23.) The court gave Plaintiffs one month to file a motion for leave to file an amended complaint. (See id.) On October 24, 2014, Plaintiffs filed a Motion to File out of Time Second Amended Complaint (Dkt. No. 24). Although Defendant Red Cliff Ascent (Red Cliff) does not oppose Plaintiffs' motion to amend (see Notice of Non-Opp'n to Second Am. Compl., Dkt. No. 25), Defendant Iron County opposes the motion, arguing that it would be futile to allow an amendment to add Scott Garrett and Mark Gower as Defendants. The court agrees.

　　　　In their proposed Second Amended Complaint (Dkt. No. 24-1), Plaintiffs add factual allegations to correct the deficiencies that previously resulted in dismissal of their First Amended Complaint. In addition, Plaintiffs seek to name Iron County Attorney Scott Garrett and Iron

County Sheriff Mark Gower as Defendants. But, in the proposed Second Amended Complaint, there are no claims spelled out against Mr. Garrett or Sheriff Gower personally. When asked to identify the allegations supporting the claims against Mr. Garrett and Sheriff Gower, Plaintiffs listed the following: an incident at Red Cliff was reported to the Iron County Sheriff; Ms. Martell was charged with three misdemeanors related to the incident; and Ms. Martell was never served with notice of the charges. (See Proposed Second Am. Compl. ¶¶ 12-13, Dkt. No. 24-1.)

To the extent these allegations could support a claim under 42 U.S.C. § 1983,[1] Plaintiffs have not pled a claim against Mr. Garrett or Sheriff Gower. To state a claim against an individual state actor, a plaintiff must allege that the defendant personally participated in a constitutional violation. Olson v. Stotts, 9 F.3d 1475, 1477 (10th Cir. 1993) (citing Coleman v. Turpen, 697 F.2d 1341, 1346 n.7 (10th Cir. 1982)). Even with Plaintiffs' explanation that the above allegations form the basis for their claims, Plaintiffs have not alleged personal participation by Mr. Garrett or Sheriff Gower.

Moreover, to the extent Mr. Garrett participated in the investigation and prosecution of Ms. Martell's charges, Mr. Garrett "enjoys absolute immunity from § 1983 suits for damages when he acts within the scope of his prosecutorial duties." Imbler v. Pachtman, 424 U.S. 409, 420 (1976); see also Nielander v. Bd. of County Comm'rs, 582 F.3d 1155, 1164 (10th Cir. 2009) ("Prosecutors are entitled to absolute immunity for their decisions to prosecute, their investigatory or evidence-gathering actions, their evaluation of evidence, their determination of whether probable cause exists, and their determination of what information to show the court.").

---

[1] The court is unaware of any constitutional violation resting on a state actor's failure to serve a warrant or summons.

Because Plaintiffs have not adequately pled claims against Mr. Garrett or Sheriff Gower, it would be futile to allow an amendment to add these men as Defendants.

Plaintiffs contend that the court should allow the amendment because they need discovery to determine if any claims exist against Mr. Garrett and Mr. Gower. This argument is precluded by Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), and Ashcroft v. Iqbal, 556 U.S. 662 (2009). To satisfy the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. Although Rule 8 does not require plaintiffs to meet a "hyper-technical, code-pleading" standard, "it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." Iqbal, 556 U.S. at 678-79. Rather, "'a district court must retain the power to insist upon some specificity in pleading before allowing a potentially massive factual controversy to proceed.'" Twombly, 550 U.S. at 558 (quoting Associated Gen. Contractors of Cal., Inc. v. Carpenters, 459 U.S. 519, 528 n. 17 (1983)). Plaintiffs have not pled a plausible claim to relief against Mr. Garrett or Sheriff Gower. The court will not allow Plaintiffs to amend their complaint to add defendants based on the mere hope that the grounds for a claim may be uncovered in discovery.

## ORDER

For the reasons explained above, and as further articulated at the hearing on this motion, Plaintiffs' Motion and Memorandum to File out of Time Second Amended Complaint (Dkt. No. 24) is DENIED IN PART AND GRANTED IN PART. The motion is denied with prejudice to the extent Plaintiffs seek to add Scott Garrett and Mark Gower as individual defendants. The motion is granted to the extent Plaintiffs' Second Amended Complaint adds allegations against

the remaining defendants. Defendants Red Cliff Ascent and Iron County agree that the case may proceed against them. Judge Barnes has not been served with the Second Amended Complaint and may respond to the claims against him if he is served.

Plaintiffs should file a revised copy of the Second Amended Complaint that is consistent with this order by January 23, 2015.

DATED this 16th day of January, 2015.

BY THE COURT:

*Tena Campbell*

TENA CAMPBELL
U.S. District Court Judge